STUTZ, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*September 5 — September 20, 1887.*

*Appeal from order granting a new trial.*

1. An order setting aside a verdict for the plaintiff, in an action against a railroad company for personal injuries, and granting a new trial on the ground that the court erred in submitting to the jury the question of permanent injury to the plaintiff when there was no evidence of such injury, is within the discretion of the court, and will not be reversed on appeal when the record fails to show any evidence justifying damages on the ground of permanent injury.

2. In such a case, where the trial court has, by exercising its discretion in setting aside the verdict, decided that the use of the word "permanent" in the charge was prejudicial to the defendant, this court will not overrule that decision.

APPEAL from the County Court of *Dodge* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *E. P. Smith* and *J. E. Malone*, and oral argument by *Mr. Malone.* They contended that there was evidence tending to show that the injury to the plaintiff might continue for some time beyond the trial, and was in that sense permanent. If the use of the words "permanent disability" in the charge was calculated to mislead the jury, the defendant should have called attention to it by a special objection. *Morse v. Gilman*, 18 Wis. 383; *Towns v. Riddle*, 2 Ala. 698. As used in connection with "continued," the two words were synonymous. The word "permanent" does not necessarily mean incurable or unending. *Dale v. Irwin*, 78 Ill. 170; *Armstrong v. United States*, Gilpin, 420; *White v. Milwaukee City R. Co.* 61 Wis. 536; *Goodno v. Oshkosh*, 28 id. 304; *Spicer v. C. & N. W. R. Co.* 29 id. 585; *Murray v. Hudson Riv. R. Co.* 47 Barb. 204. A new trial ought not to be granted when the charge correctly states the law as to the

points at issue, merely because it discusses rules of evidence not pertinent, or contains remarks not applicable to the facts proved. *Sickles v. Lavalle*, 65 Wis. 572; *Towns v. Riddle*, 2 Ala. 694.

For the respondent there were briefs by *Jenkins, Winkler, Fish & Smith*, and oral argument by *C. H. Van Alstine*. They took the ground that it was error to submit the question of the plaintiff's permanent disability to the jury as was, in effect, done, when there was at most but a mere *scintilla* of evidence of such injury, not sufficient to justify a finding that it existed. *Toomey v. L., B. & S. C. R. Co.* 3 C. B. (N. S.) 150; *Jewell v. Parr*, 13 C. B. 909; *Improvement Co. v. Munson*, 14 Wall. 448; *St. Maries v. Polleys*, 47 Wis. 75; *Jucker v. C. & N. W. R. Co.* 52 id. 151. That the injury might possibly have, proved permanent was not sufficient. *White v. Mil. City R. Co.* 61 Wis. 541; *Strohn v. N. Y., L. E. & W. R. Co.* 96 N. Y. 305; *O. & M. R. Co. v. Cosby*, 107 Ind. 32. In general, when the jury have been given an opportunity to find a material fact upon insufficient evidence, the court will assume that the charge was prejudicial and will set aside the verdict. *Brightman v. Eddy*, 97 Mass. 478; *King v. Nichols*, 138 id. 18, 23.

TAYLOR, J. The appellant brought this action in the county court of Dodge county to recover damages against the respondent for an injury to her knee, the result of falling into a cattle-guard of said railroad company. She was a passenger on a freight train, and she alleges that when the train arrived at the place of her destination, in the night-time, the train stopped, and the car in which she was riding was some distance from the station platform; that the conductor directed her to leave the car at that place, and leaving the car at that place she was compelled to alight on a side track some distance from the public street, which crossed the track; that to get to the public street

she was compelled to walk along the side track; that as she was so walking on the side track and before she reached the public street, she saw that cars were being switched on such side track; that she became alarmed and hastened to reach the public street to avoid such cars, and in her haste and alarm she forgot about the cattle-guard at the street and fell into the same and hurt her knee.

The case was tried by a jury, and a verdict was rendered in her favor for the sum of $750. The defendant company moved the court to set aside the verdict and grant a new trial. The county court ordered the verdict set aside, and granted a new trial on said motion. The plaintiff excepted to the order, and appealed therefrom. In setting aside the verdict and granting a new trial, the learned county judge signed an order in the following words: " Ordered that the verdict of the jury herein be set aside, and the motion for a new trial be, and the same is hereby, granted for the reason of the misdirection of the court in his charge to the jury, in submitting to said jury the question of permanent injury, there being no testimony of *permanent injury*."

The counsel for the appellant insist that the learned county judge erred in setting aside the verdict, and granting a new trial, upon the ground stated in his order; and further insist that an examination of the record discloses the fact that he was mistaken in asserting that there was no testimony in the case showing that the plaintiff had received any *permanent injury*, by falling into the cattle-guard as claimed in her complaint; and they also insist that the only question upon this appeal is whether the learned judge was mistaken upon that point.

On the part of the counsel for the respondent it is insisted that this court ought to look into the whole record, and if upon any ground a new trial was properly ordered, this court ought not to reverse the order of the court below, though we should be of the opinion that the court was mis-

taken upon the question upon which the order was granted. It is unnecessary in this case to determine whether upon this appeal any question can properly be considered by this court, other than the one mentioned in the order of the court below, because we are of the opinion that it was a matter within the discretion of the court below, whether it would or would not grant a new trial for the alleged error in his directions to the jury.

A careful reading of the evidence as it appears in the record leaves at least a considerable doubt whether there was, in fact, any evidence which would justify the jury in awarding damages to the plaintiff, on the ground of a *permanent injury* to her person. It is evident, from the fact that the learned judge granted a new trial for the reason assigned, that having heard and seen all the witnesses, as well as the plaintiff, at the trial, he was thoroughly convinced that there was not sufficient evidence of any permanent injury to the plaintiff to justify a court or jury in awarding damages for such injury; and from a careful consideration of the record we are not prepared to say that his judgment on that point was erroneous. If his judgment on that question was correct, then it certainly was within his discretion to grant a new trial for his misdirection of the jury on that point.

It is urged by the counsel for the appellant that the use of the word "permanent" in the instructions to the jury did not prejudice the defendant; that the word was not necessarily understood by the jury, as meaning an injury which was incurable, but simply one that would be slow in healing, and would continue for some time after the trial, and so no damage was done by the use of that word. That argument was one which might, with great propriety, have been addressed to the court below as a reason for refusing a new trial, and was undoubtedly pressed in the court below as it was here.

It is said that the damages awarded are so small that it is evident the jury did not award them on the theory that the injury was permanent. The court below having in his discretion decided against the force of this argument, we cannot properly overrule his judgment in that matter. The appearance of the plaintiff at the trial may have satisfied the learned judge that even the sum of $750 was a larger sum than should have been awarded to her by a fair jury, unless there was evidence in the case from which they were justified in saying that her injury was of a permanent character.

We think the learned judge was justified in making his order for a new trial.

*By the Court.*— The order appealed from is affirmed and the cause is remanded for further proceedings.